**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

LETTER OPINION

November 20, 2008

**VIA U.S. MAIL**
James E. Toy
#553876/737906A
Southwood State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**VIA ELECTRONIC FILING**
All Defendants

    Re:    <u>Toy v. Hayman, et al</u>, No. 07-3076 (JLL)

Dear Counsel:

    This matter is before the Court by way of Plaintiff James E. Toy's ("Plaintiff" or "Toy") (1) motion for default judgment and (2) appeal of Magistrate Judge Cecchi's August 12, 2008 Order denying his motion for *pro bono* counsel.[1] (Docket Entry Nos. 36, 40.) In opposition, Defendants George Hayman, Mike Powers, and Officer G. Carroll ("Defendants") move to vacate the default that has been entered against them. (Docket Entry No. 42.) This Court has reviewed the motion and decides the matter without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated herein, Plaintiff's appeal of the Magistrate Judge Cecchi's August 12, 2008 Order is denied, Defendants' motion to vacate default is granted, and Plaintiff's motion for default judgment is deemed moot.

---

[1] In his September 25, 2008 motion for default judgment, Plaintiff writes "Additionally, I would respectfully request the court [to] consider my motion for the appointment of counsel." (Docket Entry No. 40.) Because Magistrate Judge Cecchi denied Plaintiff's application for *pro bono* counsel on August 12, 2008, this Court treats Plaintiff's September 25, 2008 request as an appeal of Magistrate Judge Cecchi's prior order.

I.      *Pro Bono* Counsel

   A.      **Standard of Review**

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court pursuant to 28 U.S.C. § 636(b)(1)(A). The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). The district court will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently. Bowen v. Parking Auth. of City of Camden, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002). A ruling is "contrary to law" when the magistrate judge has misinterpreted or misapplied the applicable law. See, e.g., Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F. Supp. 2d 761, 764 (D.N.J. 2000).

In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion. See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion."). "This deferential standard is 'especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'" Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 214 (D.N.J. 1997) (quoting Pub. Interest Research Group v. Hercules, Inc., 830 F. Supp. 1525, 1547 (D.N.J. 1993), aff'd on other grounds and rev'd on other grounds, 50 F.3d 1239 (3d Cir. 1995)). However, a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed de novo. See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992). The present motion for *pro bono* counsel is non-dispositive and thus will be reviewed for abuse of discretion.

   B.      **Analysis**

A motion for *pro bono* counsel implicates the analytical framework set forth in a trilogy of Third Circuit decisions. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002); Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993). First, a court must decide whether the Plaintiff's claims have "some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Upon making that threshold finding, a Court then balances the six factors outlined by the Third Circuit in Tabron: (1) a plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) whether a plaintiff can attain and afford counsel on his own behalf. Tabron, 6. F.3d at 155-57.

In applying the factors at hand, Magistrate Judge Cecchi found that Plaintiff was able to articulate his legal claims and the facts supporting those claims. (Docket Entry No. 36 at 2.) Moreover, Magistrate Judge Cecchi found that Plaintiff could conduct the necessary factual investigations into this matter and that he would not need the assistance of expert witnesses. Thus, Magistrate Judge Cecchi properly applied the Tabron factors to this case. Plaintiff gives this Court no reason to find that Magistrate Judge Cecchi abused her discretion and thus the August 12, 2008 Order denying *pro bono* counsel is **AFFIRMED.**

## II.     Default Judgment

### A.     Background

On July 3, 2007, Plaintiff filed the complaint in this matter pursuant to 42 U.S.C. § 1983, and on October 24, 2007, this Court granted Plaintiff's application to proceed *in forma pauperis*. (Docket Entry Nos. 1, 10.) Plaintiff alleges that Defendants violated his constitutional rights by subjecting him to unconstitutional conditions of confinement in violation of the Eighth Amendment to the United State Constitution. Defendant Hayman was served on December 3, 2007, and Defendants Powers and Carroll were served on November 29, 2007. (Docket Entry Nos. 15, 16.) After Hayman, Powers, and Carroll each received one extension of time to file an answer, on February 8, 2008, Magistrate Judge Cecchi granted their joint motion for an extension of time to answer by "30 days from the date the final New Jersey Department of Corrections defendant is served with the Summons and Complaint." (Docket Entry No. 25 at 2.) Specifically, two additional defendants – Tariq Wiliams and Officer Benitez – had not yet been served.

Next, noting that Tariq Williams and Officer Benitez had yet to be served with a summons and complaint, this Court issued a Call for Dismissal, and on August 13, 2008, the action was dismissed as to both of them pursuant to Fed. R. Civ. P. 4(m). (Docket Entry Nos. 29, 37.) At the same time, this Court advised Hayman, Powers, and Carroll that they had 14 days from August 7, 2008 (the date of the Rule 4(m) hearing) to file their respective answers. (Docket Entry No. 32.) Seeing that none of them had yet filed an answer, on September 16, 2008, the Court directed Plaintiff to move for default against Hayman, Carroll, and Powers. (Docket Entry No. 38.)

On September 22, 2008, Plaintiff requested default against the three remaining Defendants. (Docket Entry No. 39.) The Clerk entered default against those Defendants on September 24, 2008. Then, on September 25, 2008, Plaintiff moved for default judgment. (Docket Entry No. 40.) Nearly one month later, on October 21, 2008, Thomas Kremble, Esq., entered an appearance on behalf of all three defendants and on October 23, 2008, Defendants filed the present motion to vacate default. (Docket Entry Nos. 41, 42.)

### B.     Discussion

Under Rule 55 of the Federal Rules of Civil Procedure, a court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). Adjudication of a motion to set aside default is

left to the discretion of the district court.  Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002).  In reviewing such a motion, the court must consider: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions."  Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987); see Martin v. United States Attorney's Office, No. 06-5115, 2007 WL 1672354, at *1 (D.N.J. June 7, 2007); Getty Petroleum Marketing, Inc. v. Saini, No. 05-4732, 2007 WL 465451, at *2 (D.N.J. Feb. 7, 2007).  The Third Circuit disfavors defaults or default judgments, preferring "doubtful cases to be resolved in favor of the party moving to set aside the default . . . so that cases may be decided on their merits."  United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984) (quotations omitted).  Finally, the criteria for determining whether to set aside a default judgment or an entry of default are the same, but are applied more liberally to an entry of default.  Brittingham v. Camden City Police, No. 05-115, 2007 WL 1723403 at *1 (D.N.J. June 12, 2007) (citations omitted).  The Court analyzes each factor in turn.

First, Plaintiff will not be prejudiced by lifting the default.  Plaintiff merely points to the history of extensions given to Defendants in this case.  While the Court is mindful of a Plaintiff's desire to move a case along, "delay in realizing satisfaction or the fact that the plaintiff will have to prove its case on the merits are rarely sufficient to prevent a court from opening up a default."  Itche Corp. v. G.E.S. Bakery, Inc., No. 08-3103, 2008 WL 4416457 at *2 (D.N.J. Sept. 24, 2008) (citing Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656-57 (3d Cir. 1982).  Prejudice under this prong only accrues due to a "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment."  Id.  Because Plaintiff has not argued that setting aside default would affect his ability to try this case on its merits, this first factor weighs in favor of vacating default.

Next, the Court is to examine whether or not Defendants have raised a meritorious defense.  A meritorious defense is one that, if established at trial, would constitute a complete defense to the action.  $55,518.05 in U.S. Currency, 728 F.2d 192 at 195.  The defaulting party must, however, set forth specific facts demonstrating the facial validity of its defense.  Id.  Defendants argue that they possesses strong defenses on the merits and that they have "procedural defenses under the Prison Litigation Reform Act or other relevant law."  (Defs. Motion at 4.)  The defenses are framed in very general terms and Defendants offer no specific facts in support of their meritorious defenses, as required by the Third Circuit.  Thus, this factor weighs against setting aside default.

Thirdly, Plaintiff has not indicated, nor does this Court conclude, that the delay in this case was due to Defendants' culpable conduct.  Culpable conduct, in the context of Rule 55(c), requires an examination of the "willfulness" or "bad faith"of a non-responding Defendant.  Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984).  While this case has incurred lengthy delays, much of the delay stems from Plaintiff's failure to serve the remaining defendants.  After Magistrate Judge Cecchi's February 8, 2008 Order, Defendants Hayman, Powers, and Carroll did not have to answer until after service was effected upon Tariq Williams and Officer Benitez.  (Docket Enry No. 25.)  Plaintiff's failure to effect service on Williams and Benitez, therefore, allowed Defendants to avoid answering for several months.  Additionally, Defendants state that

their previous attorney took an emergency leave of absence from the office on October 8, 2008. (Defs Motion, Kemble Dec. ¶ 16.) Even though October 8, 2008 is still approximately six weeks after the answering deadline had passed, the Court finds that their failure to timely answer was not the result of bad faith or willful dilatory behavior.

Finally, a court must look at the possibility of alternative sanctions. "[A] default and subsequent default judgment should be a sanction of last, not first, resort, and courts should try to find some alternative." CGB Occupational Therapy, Inc. v. RHA/Pennsylvania Nursing Homes, Inc., No. 00-4918, 2001 WL 253745 at *6 (E.D.Pa. March 9, 2001) (citing Emcasco Ins. Co., 834 F.2d at 75). Here, Plaintiff's failure to allege any prejudice and Defendants' lack of culpable conduct counsel in favor of setting aside default. Only Defendants' lack of specificity regarding their allegedly meritorious defenses weighs in favor of granting default judgment.

Given that the Third Circuit favors the trial of cases and because "courts in this circuit seem unwilling to deny the motion to set aside entry of default solely on the basis that no meritorious defense exists", Mike Rosen & Assocs. P.C. v. Omega Builders, Ltd., 940 F.Supp. 115, 121 (E.D.Pa. 1996) (citations omitted), this Court finds in favor of vacating default. Other courts have allowed Plaintiff to recoup costs and fees related to the present motion as an alternative sanction – instead of default – on facts similar to these. See, e.g., CGB Occupation Therapy, 2001 WL 253745 at *6. However, because Plaintiff is proceeding *in forma pauperis* and because Defendants' conduct was not culpable, the Court simply grants the motion to vacate default.

### III.   Conclusion

For the aforementioned reasons, Defendants' motion to set aside the entry of default is granted and Plaintiff's motion for default judgment is deemed moot. Defendants have 14 days from receipt of this Letter Opinion and accompanying Order to file answers in this matter. Furthermore, Plaintiff's appeal of Magistrate Judge Cecchi's order denying *pro bono* counsel is denied. An appropriate Order accompanies this Letter Opinion.

/s/ Jose L. Linares
United States District Judge