UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

LETTER OPINION

April 30, 2009

**VIA U.S. MAIL**
James E. Toy
#553876/737906A
Southwood State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**VIA ELECTRONIC FILING**
All Defendants

    Re:    <u>Toy v. Hayman, et al</u>, No. 07-3076 (JLL)

Dear Counsel:

    This matter is before the Court by way of Defendants' motion to dismiss, or in the alternative, motion for summary judgment . For the reasons stated herein, Defendants' motion is granted.

**I.    Background**

    On July 3, 2007, Plaintiff filed the complaint in this matter pursuant to 42 U.S.C. § 1983, and on October 24, 2007, this Court granted Plaintiff's application to proceed *in forma pauperis*. (Docket Entry Nos. 1, 10.) Plaintiff alleges that Defendants violated his constitutional rights by subjecting him to unconstitutional conditions of confinement in violation of the Eighth Amendment to the United State Constitution. Specifically, he claims that he has been exposed to "unreasonable high levels of environmental tobacco smoke." (Compl. at 9.) Defendant Hayman was served on December 3, 2007, and Defendants Powers and Carroll were served on November 29, 2007. (Docket Entry Nos. 15, 16.) After Hayman, Powers, and Carroll each received one extension of time to file an answer, on February 8, 2008, Magistrate Judge Cecchi granted their joint motion for an extension of time to answer by "30 days from the date the final New Jersey Department of Corrections defendant is served with the Summons and Complaint." (Docket

Entry No. 25 at 2.) Specifically, two additional defendants – Tariq Wiliams and Officer Benitez – had not yet been served.

Next, noting that Tariq Williams and Officer Benitez had yet to be served with a summons and complaint, this Court issued a Call for Dismissal, and on August 13, 2008, the action was dismissed as to both of them pursuant to Fed. R. Civ. P. 4(m). (Docket Entry Nos. 29, 37.) At the same time, this Court advised Hayman, Powers, and Carroll that they had 14 days from August 7, 2008 (the date of the Rule 4(m) hearing) to file their respective answers. (Docket Entry No. 32.) Seeing that none of them had yet filed an answer, on September 16, 2008, the Court directed Plaintiff to move for default against Hayman, Carroll, and Powers. (Docket Entry No. 38.)

On September 22, 2008, Plaintiff requested default against the three remaining Defendants. (Docket Entry No. 39.) The Clerk entered default against those Defendants on September 24, 2008. Then, on September 25, 2008, Plaintiff moved for default judgment. (Docket Entry No. 40.) Nearly one month later, on October 21, 2008, Thomas Kremble, Esq., entered an appearance on behalf of all three defendants and on October 23, 2008, Defendants filed a motion to vacate default that was granted on November 20, 2008. (Docket Entry Nos. 41, 42, 43.)

Finally, on December 3, 2008, Defendants filed the present motion to dismiss, or in the alternative, a motion for summary judgment.

## II.     Standard

Defendants have submitted documents outside of the pleadings. Thus, summary judgment is the appropriate standard of review. Fed. R. Civ. P. 12(b)(6) (If "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.").

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings. See Celotex, 477 U.S. at 324. Further, the non-moving party cannot rely on unsupported assertions,

bare allegations, or speculation to defeat summary judgment.  See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).  The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party.  See Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

**III.**     **Analysis**

The Prison Litigation Reform Act of 1996 ("PLRA") "requires that prisoners seeking relief in federal court must first exhaust the administrative remedies available at the prison level."  Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007) (citing 42 U.S.C. § 1997e(a)).  According to 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion of administrative remedies is mandatory.  Booth v. Churner, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 12 (2002).  Recently, the Supreme Court, in Woodford v. Ngo, emphasized that "the PLRA exhaustion requirement requires proper exhaustion." 548 U.S. 81, 93,126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  Id. at 93, 2386.  "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance."  Id.  Finally, the Third Circuit has concluded that the PLRA's exhaustion requirement applies to the informal grievance procedure contained within an inmate handbook, even when that procedure has not been formally adopted by a state administrative agency.  Concepcion v. Morton, 306 F.3d 1347, 1355 (3d Cir. 2002).

The Inmate Handbook for the East Jersey State Prison ("EJSP"), issued by the Department of Corrections, includes an informal grievance procedure. (Motion to Dismiss, Declaration of Steven Johnson ("Johnson Decl."), Exh. D ("Inmate Handbook").)  The procedure is intended to "give the inmate population a way to bring complaints, problems, suggestions etc, to the attention of the Administration of EJSP to solve or possibly put to use."  (Id. at 3.)  The Inmate Handbook contains a detailed step-by-step procedure for filling out and submitting each grievance.  The process begins with the inmate filling out an "Administrative Remedy Form," which is then submitted to the Office of the Executive Assistant in Charge of Remedy Forms.  (Id. at 3-4.)  Inmates are instructed to be "as specific as possible when completing the Form" and to "supply all information as necessary to complete the form."  (Id.)  Finally, the Inmate Handbook states that Administrative Remedy Forms will be processed within 30 days.  (Id. at 4.)  Plaintiff Toy was an inmate at EJSP at the time that he filed the present action and thus was clearly obligated to pursue the Administrative Remedy procedure.

In this matter, Defendants have provided the Court with every Administrative Remedy Form filed by Plaintiff from March 4, 2007, through July 3, 2007. (Motion to Dismiss, Declaration of Steven Johnson ("Johnson Decl."), Exh. C.) In only two of these forms does Plaintiff reference the Department of Corrections smoking policy. On May 2, 2007, he filed a Remedy Form asking for the smoking policy, to which he received a staff response indicating that "[t]here is no smoking in correctional facilities." (Id. at 14.) Then, on May 30, 2007, Plaintiff complained about being housed in a double-cell with a mentally-ill inmate and specifically referenced the cleanliness of the cell and the fact that his roommate smoked. (Id. at 18.) The staff responded by moving Plaintiff to a single cell. (Id.)

No request form mentions Plaintiff's problem with the smoking policy generally or with Defendants' alleged deliberate indifference to his health. Rather, the first time that Plaintiff raised the issues presented in this matter was upon the filing of the instant Complaint. Plaintiff offers no response to his failure to exhaust the administrative remedy process, stating simply that the "defendants in this complaint were fully aware of these violations, but yet did absolutely nothing to correct them." (Docket Entry # 48 ("Opp. Br.") at 2.) Because the PLRA and relevant case law clearly mandate proper exhaustion of administrative remedies, the Court is forced to dismiss this matter for failure to comply with the PLRA. Plaintiff did not file any request form alluding to the problems mentioned in the instant complaint, and therefore he did not properly exhaust administrative remedies.

**IV.   Conclusion**

Defendants' motion for summary judgment is granted and Plaintiff's complaint is dismissed for failure to exhaust administrative remedies pursuant to § 1997e(a). An appropriate Order accompanies this Letter Opinion.

/s/ Jose L. Linares
United States District Judge